UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————— | ) |
| KENNETH WAYNE LEWIS, | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    Civil No. 19-10821-JCB |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, et al., | ) |
|       Defendants. | ) |
| ———————————————— | ) |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

May 15, 2019

Boal, M.J.

On April 26, 2019, pro se plaintiff Kenneth Wayne Lewis, a prisoner confined at FMC

Devens filed a pleading that was entered on the docket as a complaint and an application to

proceed in district court without prepaying fees or costs ("IFP motion").  Docket Nos. 1, 2.  For

the reasons set forth below, this Court grants the IFP motion, orders the Clerk's Office to

reassign the case to a District Judge, and recommends that the District Judge dismiss the case.

I.     RELEVANT BACKGROUND

Lewis' six-page, handwritten complaint is divided into two sections.  See Docket No. 1.

The first section is addressed "[t]o the [p]otential [j]udges" and references 28 U.S.C. §§ 144,

455, the federal statutes concerning judicial disqualification for bias and/or prejudice.  Id. at 1-2.

The second section contains a case caption and references 28 U.S.C. § 1651 (writs) and several

rules of civil procedure.  Id. at 3-6.  Lewis is identified in the case caption as "movant" and he

identifies the following non-movants: (1) U.S. Department of Justice; (2) U.S. Attorney General

William Barr; (3) the Consolidated Legal Center at FMC Devens ("CLC"); (4) counsel(s) for the

CLC; and (5) case manager Sanders.  Id. at 3.

As best can be gleaned from the complaint, Lewis seeks monetary damages based on the alleged failure of the U.S. Attorney General (past and present) to "validate K.W. Lewis's conviction to make 'sure' the [criminal] proceedings were valid." Id. at 6.   Lewis also seeks return of property identified as "seized corporate accounts." Id.  Lewis alleges that the sentencing judge in the Central District of Illinois "never had reliable information to impose a 135 month sentence – nor did he allow challenges that were filed in open court [on] 8/17/2016." Id. at 5.  Lewis contends that after the appellate court remanded for resentencing, "there was no Presentence Report issued for Re-Sentencing on August 2, 2016." Id.  Lewis also seeks to have this Court "compel William Barr to produce all the 'evidence' on pages '2-3' and under Summary Judgment [pursuant to the Privacy Act]." Id. at 6 (emphasis in original).

This is Lewis' third lawsuit in the District of Massachusetts.  See Lewis v. Lt. Taylor, et al., 19-10375-LTS (pending § 2241 habeas action); Lewis v. Spaulding, No. 18-12364-MGM (Bivens action concerning medical treatment; closed Feb. 11, 2019).  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Lewis is currently serving a prison sentence as a result of a conviction in the Central District of Illinois. See United States v. Lewis, CR. No. 12-10082 (C.D. Ill.  Aug. 22, 2016).  Lewis has filed lawsuits in several district and appellate courts and has raised several challenges to his sentence.[1]

---

[1] Lewis v. Sessions, et al., C.A. No. 17-3668 (D.N.J. Aug. 17, 2017) (dismissing § 2241 habeas petition); Lewis v. Lewis, et al., C.A. No. 17-0330 (D.N.J. May 19, 2017) (dismissing § 2241 habeas petition); Lewis v. Lynch, et al., C.A. No. 16-7528 (D.N.J. Dec. 13, 2016) (dismissing § 2241 habeas petition);  Lewis v. Dep't of Justice, et al., C.A. No. 18-1611 (D.D.C. July 30, 2018) (dismissing complaint for failing to meet minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure); Lewis v. Murphy, C.A. No. 14-1114 (C.D. Ill. Nov. 12, 2014) (dismissing complaint against federal prosecutors and agents alleging Brady violations during Lewis' criminal trial); Lewis v. Shadid, C.A. No. 14-1115 (C.D. Ill. Apr. 1, 2014) (dismissing

II.    DISCUSSION

    A.    Plaintiff's Motion to Proceed In Forma Pauperis Is Allowed

Upon review of Lewis' IFP Motion, this Court concludes that he is without income or assets to pay the $400.00 filing fee.  See 28 U.S.C. § 1915(a).  The motion is therefore granted and, based upon the financial disclosures in plaintiff's prison account statement, a $350.00 filing fee will be collected in accordance with 28 U.S.C. § 1915(b)(2).[2]

    B.    Preliminary Screening

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

    1.    The Complaint Fails To State Any Cognizable Claims

  "The First Circuit holds a pro se litigant to a standard of pleading less stringent than that

---

complaint against federal judge based on judicial actions during Lewis' criminal trial), appeal dismissed, No. 14-2355 (7th Cir. Oct. 28, 2014) (notice of appeal filed two days late).

[2] As set forth below, the Prison Litigation Reform Act ("PLRA") requires screening of certain prisoner complaints.  Based on that screening, this Court is recommending dismissal of the action.  The obligation to pay a filing fee accrues the moment a plaintiff files his compliant with the court, and cannot be avoided merely because the case is eventually dismissed.  Montrose v. Dooley, No. CIV 12-4170-RAI, 2012 WL 5509625, at *2 (D.S.D. Nov. 14, 2012) (citing In re Tyler, 110 F.3d 528, 529-530 (8th Cir. 1997)).  Thus, Lewis will have to pay the entire $350 filing fee over the course of time, regardless of whether he obtains any relief in this action.

for lawyers, but this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985) (internal citations omitted); see also Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law.").

Here, Lewis' pleading is factually incomprehensible and states no cognizable claims.  It consists primarily of unfocused allegations and random references to rules of procedure, federal statutes, and caselaw.  Ordinarily, a pro se litigant may be provided an opportunity to amend in order to cure any pleading deficiencies.  However, this Court concludes that such amendment would be futile in this case.  Accordingly, this Court recommends dismissal.

III.  ORDER

For the foregoing reasons, this Court orders that:

(1)  Plaintiff's IFP Motion (Docket No. 2) is ALLOWED and the $350.00 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this Order to the Treasurer's Office at FMC Devens, and terminate the pending motion.

(2)  The Clerk's Office shall reassign this action to a District Judge for further proceedings.

IV.  RECOMMENDATION

For the foregoing reasons, this Court recommends that a District Judge dismiss this action.

V.  REVIEW BY DISTRICT COURT

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and

Recommendation.  The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such

objections. See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of

Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b)

will preclude further appellate review of the District Court's order based on this Report and

Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir. 1993).

       /s/ Jennifer C. Boal       
      JENNIFER C. BOAL
      U.S. MAGISTRATE JUDGE